■ In the Matter of the Claim of ELOISE HINDS, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by claimant from a decision of the Workmen's Compensation Board, filed February 14, 1968, which held that subsequent to April 24, 1967 there was no further causally related disability. Claimant, a night clerk in a telegraph office, was assaulted by two men on July 1, 1956 just after she had made a bank deposit in a night deposit box. The medical evidence indicates that claimant previously suffered anxiety neuroses with depression and phobia, and that this occurrence aggravated her condition. Causal relationship was established. Claimant stopped work on August 10, 1956. She worked from December 7, 1956 to January 24, 1957 with eight days lost time and has not worked since. Awards subsequent to January 24, 1957 were made at $27.16 reduced earnings with this rate being tentative after September 27, 1966. On June 22, 1967 a Referee, after a hearing, determined that "on the weight of the believable and probative testimony that claimant has no further causally related condition or disability." The case was then closed. On January 4, 1968 the board affirmed the Referee's decision stating that "Upon review of the entire record, the board finds on the credible evidence and on the weight of the probative medical evidence that subsequent to April 24, 1967 there is no further causally related disability." Appellant contends that there is no substantial evidence to support the board's determination. Although claimant's medical experts testified to a continuing causally related disability, their testimony was based to a great degree upon their acceptance of claimant's complaints which consisted of headaches, difficulty in breathing, fear of trains and buses, and fear of walking alone on the streets. Claimant's testimony that "I never get in trains or buses by myself" and that she was afraid of people on the street was to a great extent refuted by the testimony of two private detectives who testified as to her activities on October 6, 1966 and October 24, 1966. The employer's medical expert who had seen the claimant in consultation five times between January 27, 1958 and November 8, 1966, and viewed the films, testified that there was no remaining causally related disability. "The weight to be given respective medical opinion evidence of causation and continuing disability was for the board's determination as a question of fact and we may not say as

a matter of law that there is no substantial evidence to support the board's findings." (*Matter of Weber* v. *Warren*, 17 A D 2d 888, 889.) Similarly, the question of credibility is solely within the province of the board, and it was not bound as a matter of law to accept the testimony of the claimant. (*Matter of Millefiore* v. *U. S. Cas. Co.*, 16 A D 2d 1015; *Matter of Duncan* v. *Trans-World Airlines*, 19 A D 2d 666; *Matter of Scarpullo* v. *Alba Barber Shop*, 18 A D 2d 1122.) The testimony of the private detectives and the motion picture films afforded the board a sufficient basis to reject the testimony of claimant and to minimize the probative effect of the medical testimony based upon her complaints. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.